DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

PATRICK K. O'BRIEN (CABN 292470)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7126
    FAX: (415) 436-7234
    Patrick.OBrien@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:18-CR-00224-SI |
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANT TYRONE WILLIAMS' MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| v. | |
| TYRONE WILLIAMS, | |
| Defendant. | |

    The United States respectfully defers to the Court and the United States Probation Office in resolving Tyrone Williams' motion for early termination of his supervised release term.

    Williams bears the burden to show that he is entitled to early termination of supervised release, *see United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006), and the Court has "broad discretion" under 18 U.S.C. §§ 3583(e)(1) and 3553(a) to decide his motion. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Although changed circumstances may not be strictly required to terminate supervised release early, *see generally United States v. Bainbridge*, 746 F.3d 943, 948 (9th Cir. 2014), changed circumstances are an important consideration that can and should guide how a district court exercises its discretion in this context. *See United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000).

That is because the Court is considering whether the previously-imposed term of supervision remains appropriate under the § 3583(e)(1) and § 3553(a) factors. *See, e.g.*, *Miller*, 205 F.3d at 1101 ("Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."); *see also United States v. Sahakari*, No. 10-CR-0936-PJH, 2014 WL 3845166, at *2 (N.D. Cal. Aug. 4, 2014) (denying motion for early termination of supervised release based in part on the court's conclusion that the supervised person had "not demonstrated circumstances that would render the term of supervised release either too harsh or inappropriately tailored to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"). Moreover, "a defendant's 'mere compliance with supervised release conditions does not by itself justify early termination.'" *United States v. Suibin Zhang*, No. 05-CR-00812, 2018 WL 11203669, at *3 (N.D. Cal. Jan. 26, 2018); *see also Sahakari*, 2014 WL 3845166, at *2 (noting that a "record of compliance with the terms of his supervised release, though commendable, is expected from a person on supervision and does not constitute exceptional behavior that would warrant early termination of supervised release"); *United States v. Bauer*, No. 5:09-CR-00980, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) ("compliance with release conditions, resumption of employment and engagement of family life-are expected milestones.")

In January 2015, Williams was sentenced to 66 months in prison after pleading guilty to his role in a drug trafficking conspiracy. Williams was sentenced to the statutory minimum term of 4 years on supervised release for his offense. *See* 21 U.S.C. § 841(b)(1)(B)(vii). This sentence was based on Williams' admission that he was part of a conspiracy to possess with intent to distribute, and to distribute, not less than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846. According to the PSR in Williams' underlying case, his criminal conduct involved shipping marijuana and cocaine from California to residences in and around Memphis, Tennessee. PSR ¶¶ 5-6. This was not Williams' first felony conviction. He had previously been convicted of another felony in August 2007 for selling crack cocaine to a confidential informant while

he was a student at Iowa Wesleyan College. PSR ¶ 34. In that case, Williams also told an informant that he was receiving marijuana in the mail from California and selling it in Iowa. *Id.*

Williams has completed approximately 33 months of his 48-month term of supervision. The government understands that Williams has performed well on supervision, and while that is admirable, that is also expected, particularly given the fact that this was not his first felony conviction. Beyond his compliance, Williams' motion states that terminating supervision would make it easier for him to take jobs out of this district, and also that being on supervision makes it more difficult for him to obtain life insurance. Dkt. 5 at 3:7-8, 12-18. The government respectfully defers to the United States Probation Office and the Court as to whether these issues can be adequately addressed on supervision or if it would be appropriate to terminate supervision on their account.

DATED: October 30, 2020				Respectfully submitted,

						DAVID L. ANDERSON
						United States Attorney


						*/s/ Patrick O'Brien*
						PATRICK K. O'BRIEN
						Assistant United States Attorney